IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSHUA EDWARDS,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF ALBANY; *et al.*,<br><br>      Defendants. | Case No. 6:20-cv-00507-MK<br>**OPINION AND ORDER** |

AIKEN, District Judge:

    United States Magistrate Judge Mustafa T. Kasubhai issued Findings and Recommendation ("F&R") in this case on October 22, 2020. Doc. 19. In the F&R Judge Kasubhai recommended that this Court dismiss the claims against defendants Keith Stein, Colleen Certa, and the City of Albany pursuant to 28 U.S.C. § 1915(e)(2)(B). F&R at 2. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Plaintiff Joshua Edwards filed timely objections. Doc. 21.

Page 1 – OPINION AND ORDER

Accordingly, the I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to Judge Kasubai's findings that defendants Stein and Certa were entitled to absolute prosecutorial immunity. A prosecutor is entitled to absolute immunity from a civil rights action for damages when performing a function that is "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), or, phrased differently, "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Courts employ a "functional approach" when determining what actions qualify, which requires analysis of "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Plaintiff argues that Stein was not acting as an advocate, but rather that he "acted as a witness," when he "personally attest[ed] [that] the facts in this case are true and factual when they with out [*sic*] a doubt are not in any way or fact truth" in order "to get an indictment." Obj. at 3. Although he does not cite the case, plaintiff appears to rely on and quote extensively from the Ninth Circuit's absolute immunity analysis in *Cruz v. Kauai County*, 279 F.3d 1064 (9th Cir. 2002). *Compare* Obj. at 3–4 *with Cruz*, 279 F.3d at 1067–68. *Cruz* involved a prosecutor's "conduct in swearing to facts in support of [a] bail revocation motion." *Cruz*, 279 F.3d at 1067. Stein's

alleged statements, however, were during grand jury proceedings impaneled for the purposes of prosecuting plaintiff. *See* Amend. Compl. ¶ 34 (alleging that Stein "mischaracterized the evidence to a grand jury to obtain the indictment"). Prosecutors have absolute immunity from liability for "pressing for an indictment" before a grand jury because "[i]nitiating a prosecution has consistently been identified as a function within the prosecutor's role as advocate." *Milstein v. Cooley*, 257 F.3d 1004, 1011–12 (9th Cir. 2001) (citing *Imbler*, 424 U.S. at 431).

Although plaintiff does not appear to advance any specific arguments concerning the finding that Certa is entitled to absolute prosecutorial immunity, I have reviewed the issue de novo and agree with Judge Kasubhai's reasoning.

Following the recommendation of the Rules Advisory Committee, I have reviewed the remainder of the F&R for "clear error on the face of the record[.]" Fed. R. Civ. P. 72 advisory committee's note (1983) (citing *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (stating that, "[i]n the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of" a federal rule). No such error is apparent.

Therefore, the F&R (doc. 19) is ADOPTED. Plaintiff's claims against defendants Keith Stein, Collen Certa, and the City of Albany are DISMISSED.

IT IS SO ORDERED and DATED this 6th day of November 2020.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge